ALVIN ADAMS and COMPANY, Appellants, v. MOSES A. BLANKENSTEIN, Respondent.

If a carrier deliver goods to any but the owner he does so at his peril.

And if he deliver to any other than the owner, his defence must clearly show that the person to whom he delivered, was duly authorized as the agent of the owner to receive them.

Delivery to a wrong person by mistake, or by gross imposition, will not discharge his responsibility to the owner for the value of the goods.

Authority to deliver goods, confers no authority to take them back, or to countermand the shipment.

THIS was an action brought against the defendants as common carriers. The complaint states, that the plaintiffs had delivered to the defendants on the 25th February, 1852, a package, containing gold watches, and gold and silverware, &c., of the value of $3000, to be conveyed from San Francisco to P. Lee, Panama; and paid them $50 for the freight and insurance thereof. And that defendants failed to deliver, &c.; and by their carelessness and negligence the package was lost to the plaintiff. And that plaintiff had further sustained great damage, by remaining at Panama for six weeks waiting the arrival thereof, and the profits, &c., which he would have made by the sale, &c.—to his damage $4000.

Defendants in their answer deny the delivery of the package and the payment of $50, as alleged by plaintiff, and the negligence charged; and generally, the allegations of the complaint. And further answer, that about the 25th February, 1852, a person calling himself Henry Winter, called at defendants' office, and left a package, addressed "P. Lee, Panama," which said Winter requested should be sent to Panama. That when asked the value of the same, he replied, $1000. Whereupon defendants' clerk gave a receipt for the said package, as follows:—"Received of Henry Winter, one package, addressed 'P. Lee, Panama,' valued at $1000. Freight and insurance paid here $50. (Signed) for Adams & Co. Charles H. Davis." Which charge of $50 was predicated on the value of $1000, as stated by

Winter. That about the 29th February, Winter returned to the office, and requested defendants to detain the package, &c.; and about the 3d March, requested defendants to return it to him, and the $50 freight paid by him, as he did not wish it sent to Panama. Defendants requested him to return the receipt given to him for the package. Winter replied, that he had lost it, and was unable to produce it; and on this assurance repeated by Winter, defendants returned the package to him, and also the $50 paid by him for freight and insurance. And that said Winter at no time declared that any other person was the owner of the said package, but claimed it as his own. That since the commencement of this suit plaintiffs have been informed, and so charge, that the person calling himself Winter, used the name of Henry Winter; and that such was not his real name—but that his real name was Coleman; that said Coleman, or Winter, was the agent of the plaintiff, and by plaintiff employed in relation to the said package; and plaintiff thereby enabled said person to perpetrate a fraud on defendants, and as defendants believe was privy thereto.

June 17th, 1852. Defendants filed their affidavit to continue the cause, to enable them to take the deposition of C. H. Davis, then in Boston, the clerk to whom the package was delivered, and to prove the facts as stated in the complaint. And the cause being called for trial July 16th, 1852, the plaintiff's counsel admitted that said evidence would be given by the witness, and that it be considered as actually given by the witness on the trial. The Court then ordered the trial to proceed. The counsel for defendants then objected to any evidence being given by the plaintiffs, as by the admission of Davis's testimony, the plaintiff could not recover; which was overruled by the Court and plaintiff excepted.

The plaintiff then produced evidence of the contents of the package; the witness believed it worth between $3000 and $4000. That the box was given by plaintiff to Coleman on the 25th February, 1852, to carry to Adams' Express, and to address it P. Lee, Panama. The witness went with Coleman to Adams' Express, and saw him take the box into the office. And he brought out a receipt, which defendant admitted (their receipt for the box, as stated in the bill.) Coleman took the receipt to

the plaintiff.   The plaintiff left this the next day after the delivery of the box.   Coleman told the plaintiff when he brought him the receipt, that he had insured for $1000.   Plaintiff produced the receipt for the box, endorsed P. Lee, and gave some further evidence not deemed material.

Defendant's counsel asked the Court to instruct the jury:

1st. That if the jury believed that Henry Winter, or the person so calling himself, was the agent of the plaintiff in the business relating to the shipment of the package with defendant, and that said Winter did not disclose the name of the plaintiff to defendants, at any one of the times testified to, or at any time, and that defendants did not know that the plaintiff was the owner of the package, and delivered the package back to Winter in good faith, as the owner and shipper, and the $50 for freight, the verdict must be for defendant; which the Court refused.

2nd. That the jury are the judges of the question of fraud, and if they believe the person calling himself Winter, was the agent of the plaintiff, and that there was fraud committed by him, the fraud is the same as if the plaintiff had committed it, as far as defendants are concerned; which was refused by the Court.

3rd. That when the consignee is not beneficially interested in the goods, the common carrier is bound to deliver to the shipper on demand: refused.

To all of which plaintiff excepted.

The Court then charged the jury:

That defendant had no right to deliver the box in question to Coleman, unless he produced the receipt, or bill of lading given by them at the time the box was deposited, unless it was in proof that the same was lost, or Coleman was the owner.

2nd. If the shipper is the owner in fact, the carrier is bound to deliver to him when demanded.

3rd. If the plaintiff delivered the goods to Coleman, and he had no interest in the box, but it belonged to plaintiff, and the plaintiff demanded it, and produced the bill of lading, then the plaintiff is entitled to your verdict.

4th. If you believe Blankenstein was a party to the fraud

practised on defendants, or connived at it, then the defendants are entitled to your verdict.

Under no circumstances can the plaintiff recover more than $1000, limited by the receipt in evidence.

Verdict for the plaintiff, $1000.

The Court refused a new trial, and plaintiff appealed.

*Judah*, for appellants.

The plaintiff can only sustain his action by proving Winter, to whom he delivered the package, to have been his agent; and this he has done. Winter, alias Coleman, had the apparent title, to be disposed of as his own, though the act of the plaintiff, and shipped the package as his own, and claimed its return as his own; and there is no evidence to show that defendants had any reason to know or suspect that it belonged to any one else than the shipper. The knowledge of the agent is the knowledge of the principal, and so of his acts; Bukley *v.* Notting, 7 Ad. & Ell. 29; Story on Agency, sec. 127, p. 1. 419, 20; Abbott on Shipping, 325. The defendants dealt with the agent, supposing him to be the principal, without any knowledge that the property belonged to another; and having given Winter a receipt in his own name, they were justified in returning to him the goods. The bailee has a right to return the deposit to the bailor; Story on Agency, 443, 4. 93. 104; Smith's Mer. Law, 190; Story on Bailment, sec. 102. 4. 6. 8. 10; Pickering *v.* Burke, 15 East's Rep. 38, &c.; Dyer *v.* Pearson, 3 B. Ch. 38—42; Morris *v.* Cleasby, 4 M. & L. 566; Blackburn *v.* Scholes, 2 Cowp. 343. The carrier will be excused for a non-delivery, by any act of the owner or shipper which discharges the carrier from responsibility; Story on Bailment, sec. 578; Angel on Carriers, sec. 230, 1, 2. The endorsement of the receipt by Lee, who had no interest in the goods, was without value; and defendants have a right to all defences which they would have had, if the suit had been brought by Winter; Abbott on Shipping, p. 408 and 13.

The principal may take advantage of the acts of his agent; so is he bound by them; Story on Agency, sec. 250. 259; Smith's Mer. Law, 187; Wilson *v.* Poulter, 2 Stra. 859; Billon *v.* Hyde, 1 Atk. 128; Smith *v.* Hodson, 4 T. R. 211; Brewer *v.* Sparrow,

7 B. & C. 310; Hovel *v.* Peak, 7 E. R. 164; Corvell *v.* Wilson, 1 Ves. 509; Newell *v.* Hurlbert, 2 Ves. Rep. 351.

As to the doctrine of ratification, see Paley on Agency, by Lloyd, 122, &c., note; Ferguson *v.* Carrington, 9 B. & Cres. 59. The principal, by bringing the action in this form (assumpsit) with knowledge of the facts, has ratified the transaction; Story on Agency, sec. 244 and 259; The Mer. Ins. Co., 6 Pick. 198; and a ratification as to part, is a confirmation as to the whole; Story on Agency, sec. 250, and cases cited. The principal is liable for the *torts*, &c., of his agent; Story on Agency, secs. 452, 3. 456, and cases cited.

*Feum*, for respondent.

Where upon the whole case, it appears that plaintiff ought to recover, the Court will not set aside the verdict.

The question whether the goods were delivered to the owner or other person having authority to receive them, is one of fact, and for the jury. Chitty on Cont. p. 485; 6 Har. 400. Common carriers are responsible for any loss to goods which might have been prevented by human agency. Kent's Com. 602. 609, 610. Angell's Law of Carriers, sects. 46. 67. 154. 202. 188. A carrier's receipt is evidence of a contract between him and the owner. Angell on Carriers, sect. 464. A receipt is a bill of lading, and includes an express promise to deliver to the consignee, &c. 1 Wright's Rep. 240. No form is required. Benedict's Admiralty, 286. Bills of lading assignable by indorsement. Smith's Mer. Law, 353–4, and note. The property in the goods passes by the negotiation. Ib. 355–6; 2 Kent's Com. 548. 550. 1 Pet. U. S. R. 386. 345. The possession of the bill of lading whether by consignee, or his indorser, vests in him the legal right to the property. Condensed Rep. S. C. U. S., 445, note; Angell on Carriers, sect. 508; Abbott on Shipping, 529. 534. A carrier is bound to deliver to the right person, and is liable if he mistake, by gross imposition, or upon a forged order. Angell on Carriers, sec. 324, 325–6; Stephen's Law of Nisi Prius, 981. The plaintiff is the owner, and he in whom the legal interest is vested, is the proper person to bring the action. Stephen's Nisi Prius. And a carrier employed by an agent of the owner is responsible to the owner, whether the name of the owner was dis-

closed by the agent or not.	Angell on Carriers, sects. 98. 466. 494.	The defendants were bound by their receipt to deliver the goods to P. Lee, of Panama; their own wrongful act will not excuse them.	Coleman could not have maintained an action without producing the receipt—the wrong was in delivering the goods without its production.	Common carriers in law are regarded as insurers.	If a loss be sustained, they must not only clear themselves of all culpabilities, but show that they could not have avoided it.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.—The delivery of goods by a carrier to an agent of the owner, is of course a sufficient delivery, but the defence in such a case must clearly shew that the person to whom the goods were delivered, as agent, was duly authorized as such; for if he delivers to any but the owner he does so at his peril.	And although the delivery to a wrong person is made by mistake, or by gross imposition, the carrier will be responsible for the value of the goods.

In this case, although Coleman was the agent of the plaintiff to deliver the parcel to the carrier, there is no proof of his authority to take it back, or to countermand the shipment.	It was altogether a loose transaction.	The defendants did not know that Coleman was either owner or consignor, or the agent of either; and they did not attempt to find out his authority.	Their liability is unquestionable, and the judgment is affirmed, with costs.

MURRAY, Chief Justice, and ANDERSON, Justice, concurred.